UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

United States of America

    v.                         Criminal No. 05-cr-208-JD
                                    Opinion No. 2020 DNH 104

Jonathan Platte

O R D E R

Jonathan Platte moves pursuant to 18 U.S.C. § 3582(c)(1)(A) to have his sentence reduced to time served based on his chronic medical conditions and the risks presented by the COVID-19 pandemic.  The government has filed a response, and United States Probation and Pretrial Services has filed a report.  The court held telephone conferences with counsel and the probation officer on the matter.

## Standard of Review

The Director of the Bureau of Prisons ("BOP") may bring a motion on behalf of a defendant to reduce the term of the defendant's imprisonment.  § 3582(c)(1)(A).  If the Director does not file such a motion on behalf of a defendant, the defendant may file a motion on his or her own behalf in certain circumstances.  The defendant must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or, thirty

days must have passed since the warden at the defendant's facility received the defendant's request without a response. Id.

When a defendant has satisfied the administrative exhaustion requirement, the court may reduce a term of imprisonment based on a finding that "extraordinary and compelling reasons warrant such a reduction" and "after considering the factors provided in 18 U.S.C. § 3553(a) to the extent that they are applicable." § 3582(c)(1)(A). The court also considers whether the requested "reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A). The applicable policy statement provides guidance on when extraordinary and compelling circumstances may be found. U.S.S.G. 1B1.13.

Background

On March 23, 2007, Jonathan Platte was convicted on charges of conspiracy to distribute cocaine in violation of 21 U.S.C. § 848, possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1), possession with intent to distribute cocaine in violation of § 841(a)(1), possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A), and possession of a firearm by a

convicted felon in violation of 18 U.S.C. § 922(g)(1).  He was sentenced to a total of 300 months in prison.

On December 18, 2019, as a result of Congress having passed the First Step Act, Platte was resentenced to 216 months in prison.  His current good time release date is January 10, 2021. He is scheduled to be released to a halfway house on July 14, 2020, having served approximately 85% of his sentence.

Platte is currently incarcerated at FMC Rochester.  On April 7, 2020, Platte submitted a request for compassionate release because of his own health issues and his concerns for his elderly parents.  As of June 8, 2020, he had received no response to his request.[1]

Counsel obtained Platte's medical records through mid-2019 during his representation of Platte for purposes of sentence reduction under the First Step Act.  Platte is morbidly obese and has obstructive sleep apnea, hypertension, and asthma. Platte also has a history of pulmonary embolism and has had a chronic problem with cyclic vomiting.  Counsel also requested recent medical records from the BOP, which he recently received and has supplemented the motion with those records.  The new records confirm Platte's chronic health issues and conditions

---

[1] Counsel explains that because the BOP has instituted a lockdown in response to the current national protests, his contact with Platte has been severely limited.

3

and indicate that he had surgery for an anal fistula on May 7, 2020, and that as of May 22, 2020, was continuing to take pain medication after surgery.

United States Probation Officer Sean Buckley prepared a report in which he confirms Platte's medical conditions. He also states that Platte has served 84.2% of his prison term. With respect to Platte's plan upon release, Officer Buckley states that he intends to be released to his parents' home in North Port, Florida, which has been approved by the United States Probation Office for the Middle District of Florida. Platte's mother sent a letter to support the release plan in which she said that she wanted Platte to live with them to help her take care of her husband who has multiple health issues. In addition, Officer Buckley reports that Platte is considered to have a low to moderate risk of recidivism.

## Discussion

Platte asks to have his sentence reduced to time served and to serve his term of supervised release at his parents' house in Florida. In support, he cites the likelihood of contracting COVID-19 in prison and in the halfway house and his health conditions that put him at particular risk if he were to contract COVID-19. The government objects to the motion.

4

A.   Exhaustion of Administrative Remedies

Because more than thirty days have passed from the time Platte requested the BOP grant him compassionate release without a response, Platte has satisfied the exhaustion requirement.

B.   Extraordinary and Compelling Reason

As the court has previously stated, "[a] generalized risk of infection with COVID-19, by itself, is not enough to show extraordinary and compelling reasons for a reduction in sentence." United States v. Hilow, 2020 WL 2851086, at *3 (D.N.H. June 2, 2020); United States v. Bischoff, --- F. Supp. ---, 2020 WL 2561423, at *2 (D.N.H. May 19, 2020).  A combination of documented health factors that put the inmate at higher risk if infected with COVID-19, however, can meet the § 3582(c) standard.  See, e.g., United States v. Kess, 2020 WL 3268093, at *6 (D. Md. June 17, 2020).  An inmate seeking relief under § 3582(c) bears the burden of showing that he meets the statutory requirements. United States v. Mayfield, 2020 WL 2744607, at *1 (D.N.J. May 27, 2020); United States v. Britton, 2020 WL 2404969, at *1 (D.N.H. May 12, 2020).

Application Note 1 to U.S.S.G. § 1B1.13 provides guidance as to when an extraordinary and compelling reason to reduce a defendant's sentence may exist.  "[A] serious physical or

5

medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," constitutes an extraordinary and compelling reason.  App. Note 1(A)(ii)(I).  In addition, a reduction in sentence may be granted when "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)."  App. Note 1(D).

Platte has shown that he has serious medical conditions that are recognized risk factors for COVID-19, including morbid obesity, hypertension, obstructive sleep apnea, asthma, and a history of pulmonary embolism.  See, e.g., Delacruz v. United States, 2020 WL 3270503, at *3 (D.N.H. June 17, 2020); United States v. Patel, 2020 WL 3187980, at *1 (D. Conn. June 15, 2020); United States v. Acevedo, 2020 WL 3182770, at *2 (S.D.N.Y. June 15, 2020); United States v. Madrigal, 2020 WL 3188268, at *2 (N.D. Cal. June 15, 2020).  He has multiple comorbities.  See, e.g., United States v. DeBartolo, 2020 WL 3105032, at *2 (D.R.I. June 11, 2020) (discussing comorbidity of hypertension and COVID-19).  He has also shown that his parents are willing to have him live with them and need his assistance for their care.  Taken in light of his risk of contracting

COVID-19 in the confined environment at prison or in a halfway house, his serious health conditions, and multiple comorbidities, Platte has shown an extraordinary and compelling reason to reduce his sentence to time served.

    C.   <u>Sentencing Factors</u>

In addition to an extraordinary and compelling reason to reduce his sentence, a defendant must show that the sentencing factors under § 3553(a) support his motion to the extent the factors are applicable. § 3582(c)(1)(A). Platte's drug crimes were serious, and he received a very long sentence. Platte has now nearly completed his sentence and is scheduled to be released to a halfway house in July. His approaching release to a halfway house weighs heavily in favor of Platte's request to reduce his sentence. However, rather than outright release, the court is requiring Platte to be placed on special supervised release and to remain in home confinement for the same amount of time remaining on his sentence (until January 10, 2021) subject to conditions.

Officer Buckley reports that Platte is considered to have a low to moderate risk of recidivism. The conditions of special supervised release provided in Appendix A address the risks of recidivism and the need for a transition from prison to

7

supervised release with a period of home confinement. In this case, the sentencing factors support reducing Platte's sentence to time served, with special supervised release followed by supervised release under the conditions provided in Appendix A.

D. Result

Taking into consideration Platte's combination of health conditions and multiple comorbidities that cause an increased risk to him if he contracts COVID-19, along with the risk of contracting COVID-19 in prison or in a halfway house, Platte has shown an extraordinary and compelling reason to reduce his sentence. The sentencing factors under § 3553(a) support that relief. Therefore, Platte has demonstrated sufficient grounds to grant his request for a reduction of his sentence under § 3582(c)(1).

## Conclusion

For the foregoing reasons, the defendant's motion for compassionate release (document no. 135) is granted as follows:

1) The defendant's sentence will be reduced to time served.

8

2) The defendant will be placed on special supervised release until his original release date of January 10, 2021, and will remain on home confinement during that time.

3) Following the term of special supervised release, the defendant will be placed on supervised release for a term of five years.

4) During these terms of special supervised release and supervised release, the defendant shall be subject to the Supervision Conditions as set forth in Appendix A.

5) The BOP shall release the defendant immediately following processing, subject to the provisions of paragraph 6.

6) The court recommends that the BOP screen the defendant for COVID-19 within twelve hours prior to his release, and if he is displaying symptoms consistent with COVID-19, test the defendant and share the results with the United States Probation Office in the District of New Hampshire.

7) The court will issue an amended sentence and criminal judgment.

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge

June 22, 2020

cc: Counsel of record.
    Sean Buckley, U.S. Probation Officer

9

SUPERVISION CONDITIONS

While on supervision, the defendant shall comply with the following mandatory conditions:

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance.

The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within fifteen days of placement on supervision and at least two periodic drug tests thereafter, as determined by the court.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

In addition, the defendant shall comply with the standard conditions that have been adopted by this court as well as the following special conditions:

1.  The defendant shall participate in an outpatient substance abuse treatment program and follow the rules and regulations of that program.  The probation officer will supervise his participation in the program (provider, location, modality, duration, intensity, etc.).  The defendant shall pay for the cost of treatment to the extent that he is able, as determined by the probation officer.

2.  The defendant shall not use or possess any controlled substances without a valid prescription.  If the defendant does have a valid prescription, he shall disclose the prescription information to the probation officer and follow the instructions on the prescription.

3.  The defendant shall submit to substance abuse testing to determine if he has used a prohibited substance.  The defendant shall pay for the cost of testing to the extent that he is able, as determined by the probation officer.

4. The defendant shall not knowingly purchase, possess, distribute, administer, otherwise use any psychoactive substances (e.g. synthetic marijuana, bath salts, etc.) that impair a person's physical or mental functioning, whether or not intended for human consumption, except with the prior approval of the probation officer.

5. The defendant shall participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise the defendant's participation in the program (provider, location, modality, duration, intensity, etc.). The defendant shall pay for the cost of treatment to the extent that he is able, as determined by the probation officer.

6. The defendant shall not go to, or remain at, any place where he knows controlled substances are illegally sold, used, distributed, or administered without first obtaining the permission of the probation officer.

7. The defendant shall submit his person, residence, office, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devises or media, or office, to a search conducted by a probation officer. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. The probation officer may conduct a search under this condition only when reasonable suspicion exists that the defendant has violated of supervision and that the areas to be searched contain evidence of this violation. Any search shall be conducted at a reasonable time and in a reasonable manner.

8. The defendant is restricted to his residence at all times, except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the officer until January 10, 2021. During this time, the defendant will be monitored by the location monitoring technology at the discretion of the probation officer, and the defendant shall follow the rules and

2

regulations of the location monitoring program.  The defendant shall pay for the cost of the program to the extent that he is able, as determined by the probation officer.

9.   The defendant shall self-quarantine in an approved residence during the first fourteen days of his home confinement.